IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. ADAMS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ANTHONY ADAMS, APPELLANT.

Filed July 28, 2026.    No. A-26-066.

Appeal from the District Court for Buffalo County: KANE M. RAMSEY, Judge. Appeal dismissed.

Jeffrey P. Ensz, of Lieske, Lieske & Ensz, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

PIRTLE, WELCH, and PICCOLO, Judges.

PIRTLE, Judge.

### INTRODUCTION

Anthony Adams appeals his plea-based conviction in the district court for Buffalo County, assigning only that he received excessive sentences. The State argues that Adams' plea agreement included an appeal waiver; therefore, his appeal is not properly before this court. We agree and dismiss his appeal.

### BACKGROUND

Pursuant to a plea agreement, Adams pled no contest to (1) attempted discharge of a firearm in a city, village or county, a Class II felony; (2) possession of a stolen firearm, a Class IIA felony; (3) theft by unlawful taking (value of $500 or less), a Class II misdemeanor; and (4) obstructing a peace officer, a Class I misdemeanor. The State agreed to dismiss two other charges, a Class I misdemeanor and a city misdemeanor. As part of the written plea agreement, Adams agreed to

"[waive] all rights to appeal all issues, except for the right to appeal based on the ineffective assistance of counsel."

At the plea hearing, the district court informed Adams of his constitutional rights and of the consequences associated with the charges against him. Adams indicated that he understood. The State provided a factual basis to support Adams' no contest pleas and the court found an adequate factual basis was established for the pleas. It accepted Adams' no contest pleas and found him guilty of the charges. The court ordered a presentence investigation and set a date for sentencing.

At the sentencing hearing, the district court stated it had reviewed the presentence investigation, noting that in evaluations Adams scored in the high risk category to reoffend, that his criminal history was minimal, and he had significant mental health issues. The court also noted that the offenses involved the discharge of a stolen firearm while Adams was intoxicated and his actions were dangerous to himself and the community. The court stated it was also concerned about his lack of accountability.

The district court sentenced Adams to a term of 20 to 30 years' imprisonment for attempted discharge of a firearm in a city, village, or county; a term of 5 to 15 years' imprisonment for possession of a stolen firearm; 30 days' imprisonment for theft by unlawful taking, and 1 year's imprisonment for obstructing a peace officer. The district court ordered the sentence for the first charge to run consecutive to the other three sentences and those three sentences would run concurrent to each other, resulting in an aggregate sentence of 25 to 45 years' imprisonment.

## ASSIGNMENT OF ERROR

Adams assigns the district court abused its discretion by imposing excessive sentences.

## STANDARD OF REVIEW

The validity of an appeal waiver is a question of law. *State v. Hamm*, 314 Neb. 311, 989 N.W.2d 719 (2023).

## ANALYSIS

Adams assigns that his sentences are excessive. The State argues that Adams waived his right to appeal his sentences when he entered into the plea agreement, which included an appeal waiver provision. The State suggests Adams' claim is not properly before this court because the appeal waiver provision bars Adams from appealing his sentences. We agree.

The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Hamm, supra.* Such a plea must be entered freely, knowingly, and voluntarily. *Id.* To support a finding that a plea has been entered freely, knowingly, and voluntarily, the court must inform the defendant concerning the nature of the charge, the right to assistance of counsel, the right to confront witnesses against the defendant, the right to a jury trial, and the privilege against self-incrimination. *Id.* The court must also examine the defendant and determine whether he or she understands the foregoing. *Id.* Lastly, the court must ensure the record establishes that there is a factual basis for a plea and that the defendant knew the range of penalties for the crime with which he or she was charged. *Id.*

Additionally, a criminal defendant can explicitly waive his or her right to appeal a criminal conviction as part of a sentencing agreement. *Id.* To enforce such waiver, the appellate court must determine that (1) the appeal falls within the scope of the waiver, (2) the defendant knowingly and voluntarily waived his or her right to appeal, and (3) enforcing the waiver would not result in a miscarriage of justice. *Id.* Adams makes no argument regarding the validity of the waiver; rather, his brief only addresses the length of his sentences. However, for purposes of completeness, we briefly address the three elements.

First, to determine whether this appeal falls within the scope of Adams' waiver, the burden of proof is on the State to demonstrate that an agreement clearly and unambiguously waives a defendant's right to appeal. See *State v. Dye*, 291 Neb. 989, 870 N.W.2d 628 (2015). Waivers of the right of appeal are to be applied narrowly, with any ambiguities construed against the State and in favor of the defendant's right to appeal. *Id.*

The "Waiver of Appeals" provision in Adams' plea agreement provided: "[Adams] hereby freely, voluntarily, knowingly, and intelligently waives all rights to appeal all issues, except for the right to appeal based on the ineffective assistance of counsel." The provision clearly provides, except for ineffective assistance of counsel claims, that Adams waived his right to appeal all issues, which would include waiver of his right to appeal his sentences. Adams' appeal falls within the scope of the waiver.

Second, there is evidence in the record that the plea agreement was entered into knowingly and voluntarily. At the plea hearing, the district court explained each of Adams' constitutional rights to him and found that Adams had waived these rights. The plea agreement also provides that Adams understood his constitutional rights and the effect his pleas had on these rights, and he entered in the agreement freely, voluntarily, knowingly, and intelligently.

Finally, a miscarriage of justice provides an exception to the waiver that is "a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid." See *State v. Dye*, 291 Neb. at 1000, 870 N.W.2d at 635 (quoting *U.S. v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003)). In connection with the miscarriage of justice consideration, "a defendant has the right to appeal an illegal sentence, even though there exists an otherwise valid waiver." *State v. Dye*, 291 Neb. at 1000, 870 N.W.2d at 635 (quoting *U.S. v. Andis*, 333 F.3d at 891-92). A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or lesser than the permissible statutory penalty for the crime. *State v. Dye, supra*. Adams' sentences fall within the statutory guidelines.

Having waived his right to appeal his sentences, we dismiss Adams' appeal. See *State v. Dye, supra* (holding once appellate court determines appeal waiver enforceable, proper remedy is to dismiss appeal).

## CONCLUSION

For the reasons stated above, we dismiss Adams' appeal.

APPEAL DISMISSED.